# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

UNITED STATES OF AMERICA

v.

ALEJANDRO RICHARD VELASQUEZ GOMEZ

Defendant.

Case Number: 5:22-CR-00461-JKP(1)
USM Number: 15794-510

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, ALEJANDRO RICHARD VELASQUEZ GOMEZ, was represented by Molly Lizbeth Roth, Esq.

On motion of the United States, the Court has dismissed the remaining Count(s) as to this defendant.

The defendant pled guilty to **Count(s) One (1) of the Indictment** on May 16, 2023. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 875(c) | Interstate Threatening Communication | 07/18/2022 | One (1) |

As pronounced on May 1, 2024, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 8th day of May, 2024.

_____
JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE

DEFENDANT:        ALEJANDRO RICHARD VELASQUEZ GOMEZ
CASE NUMBER:      5:22-CR-00461-JKP(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of *sixty (60) months as to Count One (1)* with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).

**The Court makes the following recommendations to the Bureau of Prisons:**

(1) **That the defendant be placed at facility that provides educational, vocational, and technical training while in custody as well as a facility where defendant can receive the highest level of mental health, psychological and psychiatric treatment while in custody.**

The defendant shall remain in custody pending service of sentence.

# RETURN

I have executed this judgment as follows:
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT:         ALEJANDRO RICHARD VELASQUEZ GOMEZ
CASE NUMBER:      5:22-CR-00461-JKP(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of *three (3) years.*

While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court on November 28, 2016, and shall comply with the following additional conditions:

1. The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able.

2. The defendant shall take all mental health medications that are prescribed by the treating physician.

3. The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer. If the defendant has any direct contact with any child the defendant knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer, the defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

4. The defendant shall not communicate, or otherwise interact, with the victim, or any of the other minor online victims, either directly or through someone else, without first obtaining the permission of the probation officer.

5. The defendant shall not communicate, or otherwise interact, with any known member of the Incel group.

6. The defendant shall participate in a sex offense-specific assessment. The defendant shall pay the costs of the program if financially able.

7. The defendant shall not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media.

8. The defendant shall not access the Internet except for reasons approved in advance by the probation officer.

9. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: ALEJANDRO RICHARD VELASQUEZ GOMEZ
CASE NUMBER: 5:22-CR-00461-JKP(1)

# CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes restitution, the defendant shall pay the ordered restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(if applicable)*

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) If the judgment imposes a fine, it is a condition of supervision that the defendant, pay in accordance with the Schedule of Payments sheet of the judgment.

10) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within seventy-two (72) hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially report to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

DEFENDANT:        ALEJANDRO RICHARD VELASQUEZ GOMEZ
CASE NUMBER:     5:22-CR-00461-JKP(1)

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view..

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within seventy-two (72) hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

DEFENDANT:      ALEJANDRO RICHARD VELASQUEZ GOMEZ
CASE NUMBER:    5:22-CR-00461-JKP(1)

# CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, Attn: Mail Log, 262 W. Nueva Street, San Antonio, Texas 78207or online by Debit (credit card not accepted) or ACH payment (direct from Checking or Savings account) through pay.gov (link accessible on the landing page of the U.S. District Court's Website). **Your mail-in or online payment must include your case number in the exact format of the DTXW522CR00461-001 to ensure proper application to your criminal monetary penalty.** The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------:|---------:|----------------:|
| TOTALS | $100.00        | $.00     | $.00            |

## SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately

## FINE

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.